[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Mr. and Mrs. Abraham Lichtmacher (hereinafter Lichtmachers) bring this Second Revised Complaint to quiet and settle title to two parcels of land and to determine title to and grant immediate possession to the Lichtmachers in all or a portion of those parcels of land.
There are five (5) married couples and one individual that are named defendants. Only one of the married couples, Mr. and Mrs. Thomas N. Fromson, (hereinafter, Fromsons) and the individual, Arthur M. Lewis, (hereinafter, Lewis) active participated in their defense to the complaint. The four remaining couples were defaulted and did not participate in this trial.
The defendants, Fromsons, in addition to their answer, have filed Special Defenses and Counterclaims to the complaint.
The genesis of this action goes back eighteen (18) plus years when the defendants or their predecessors in title purchased the two parcels of land herein mentioned. At that time they set up a trust with the two parcels as the property to be held by the trust, with Arthur M. Lewis appointed the trustee. The defendant-purchasers were the beneficiaries of the trust.
The two parcels held in trust were abutted on all sides by CT Page 12661 the individual parcels of land owed by the named defendant married couples. The purpose of purchasing the two parcels or lots by the defendants was to prevent houses from being built to the rear of their houses. Also, the defendants anticipated dividing these two lots so that each of the defendant-couples would receive a portion of the two lots that abutted the individual lot of each couple. At the time of the purchase of the subject lots a plan of distribution of these lots could not be prepared that was acceptable to all of the defendant-couples. Therefore, the trust was set up to hold the lots for the benefit of the defendant-couples until a determination was made for dividing those lots among the defendant-couples or disposing it in any other way.
The trust as originally set out anticipated an early disposition of the two lots and was not reduced to writing until sometime later when one of the beneficiary couples sold their property.
Over the years various proposals were circulated among the defendant-couples without ever reaching a unanimously acceptable agreement.
This complaint was served upon the defendants after the defendants, Fromsons, raised the issue of a violation of the trust by the plaintiffs in that they encroached onto the trust land adjoining their, the plaintiffs, property; and, further the Fromsons claimed that Lichtmachers trespassed on the Fromsons land and cut down several trees.
The court after hearing testimony from witnesses, examining exhibits introduced by the parties, and apply the applicable law determines, that: A valid trust was created by the defendants and/or their predecessors in title. That the purpose of the trust was to enhance the use and value of each of the abutting owners' property by creating open space behind their properties with the further prospect of acquiring a portion of the land abutting the individual premises of the defendants.
That the purpose of the trust, i.e. to protect the privacy of the beneficiaries by not having buildings erected on the lots held in the trust, continues to be an outstanding concern of the beneficiaries.
The court further finds that the alternate purpose of the CT Page 12662 trust, i.e. to hold the lots until divided among the beneficiaries, or otherwise disposed of continues to be a viable trust purpose.
That, to the present time the abutting landowners as beneficiaries of the trust made only minor use of the lots. There was no attempt made to have it available for any type of organized activity. The lots were permitted to revert to their natural rustic state. Over time, the lots became overgrown with bush and trees.
One or two of the abutting landowners did make some small use of these lots without objection from adjoining trust beneficiaries. But for the most part these were minor, temporary incursions onto these common lots.
That, the plaintiffs did enter onto the common lots abutting their personal residential property and cut down bushes, small trees and other vegetation. They also planted some small plants on the trust property. This minor incursion by the plaintiffs was a trespass on the trust land that, however, only to a very limited extent adversely affected the use of these common lots by the other trust beneficiaries.
That, on the other hand, the plaintiffs invasion of the land belonging to the defendants, Fromsons, where two or three of their trees were cut down did constitute a trespass resulting in damage to the Fromsons' property. The trees that were removed were near the mutual property line between the land of the Lichtmachers and that of the Fromsons, and the Lichtmachers mistakenly believe it was their land. The privacy of the Fromsons was adversely affected by the removal of these trees. That the Fromsons in an attempt to remedy this damage planted trees of a similar variety as those cut down, in the area where the Lichtmachers had cut down the trees.
Therefore, it is the judgment of the court that the plaintiffs have failed to prove the allegations set out in their complaint; and, that judgment is to enter for the defendants on the complaint together with costs.
Further, as to the defendants, Fromsons, the court finds the issues set out in their cross-complaint, for the Fromsons. That, judgment may enter for the Fromsons and against the Lichtmachers in the sum of $8,000.00, together with their costs. CT Page 12663
It is so ordered.
JULIUS J. KREMSKI, JUDGE TRIAL REFEREE.